1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **PAUL WESLEY DALY,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **CIV 07-01884 PHX MHM (MEA)** |
| | ) |
| **DORA SCHRIRO and** | ) **REPORT AND RECOMMENDATION** |
| **ARIZONA ATTORNEY GENERAL,** | ) |
| | ) |
| **Respondents.** | ) |
| _____ | ) |

**TO THE HONORABLE MARY H. MURGUIA:**

On October 1, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 10) on February 7, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.

**I Procedural History**

In 1991, Petitioner was convicted by a jury on two counts of molestation of a child, classified as dangerous crimes against children and class 2 felonies. <u>See</u> Answer, Exh. A.

Petitioner was sentenced to consecutive 12-year terms of imprisonment for these convictions. Id., Exh. A. Petitioner took a direct appeal of his convictions and sentences, alleging the trial court erred by precluding his counsel from questioning his mother about Petitioner's truthfulness. Id., Exh. B. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences, and the Arizona Supreme Court denied review of that decision on March 3, 1993. See id., Exh. C & Exh. D.

Petitioner filed an action for post-conviction relief on June 22, 1993, pursuant to Rule 32, Arizona Rules of Criminal Procedure. See id., Exh. E. Petitioner was appointed counsel to represent him in these proceedings. Id., Exh. E & Exh. F. On December 6, 1993, Petitioner's appointed counsel averred to the state court that she could find no meritorious issues to raise on Petitioner's behalf. Id., Exh. F. Petitioner did not file a *pro se* petition for post-conviction relief and his Rule 32 action was dismissed on February 16, 1994. See id., Exh. G.

Petitioner filed six subsequent actions for post-conviction relief in the Arizona state court, in 1997, 2002, two in 2004, 2005, and 2006. All of these actions for state post-conviction relief were dismissed by the state Superior Court, *inter alia*, because the petitions were not timely filed pursuant to Rule 32, Arizona Rules of Criminal Procedure, and because the claims were precluded by Petitioner's failure to raise them on direct appeal or in his first Rule 32 action. See id., Exhs. H-U. The Superior Court dismissed the last action for post-conviction relief on October 6, 2006, and the Arizona Court of

-2-

Appeals declined jurisdiction over a petition for special action filed by Petitioner on February 8, 2007. <u>See</u> <u>id.</u>, Exhs. T & U.

In his petition for federal habeas relief, filed October 1, 2007, Petitioner asserts his conviction must be vacated because: (1) His Fifth Amendment right to due process, his Sixth Amendment right to a fair trial, and his Fourteenth Amendment right to equal protection were violated because "insufficient and incorrect" evidence was presented to the grand jury and to the trial jury, i.e., hearsay evidence regarding a twenty-year-old prior conviction; (2) His trial counsel was unconstitutionally ineffective, *inter alia*, because counsel failed to fully investigate the victim for the purpose of introducing impeachment evidence and because counsel did not move to allow Petitioner's release on the basis of a polygraph test; (3) His right to be free of double jeopardy was violated by the use of a prior conviction to indicate propensity and to enhance his sentence; (4) His sentences constitute cruel and unusual punishment.  In his habeas petition Petitioner further contends his state convictions were not final until 2007, due to his appellate counsel's failure to raise and properly exhaust legitimate issues in the state courts.

**II Analysis**

**The petition is barred by the statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

-3-

Petitioner is a state prisoner whose conviction became final on or about June 3, 1993, ninety days after the Arizona Supreme Court denied review of Petitioner's convictions and sentences, when the time expired for seeking certiorari from the United States Supreme Court. See Lambrix v. Singletary, 520 U.S. 518, 527, 117 S. Ct. 1517, 1525 (1997) (noting that the defendant's conviction became final when his time for filing a petition for a writ of certiorari expired); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, Petitioner's state conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file their petitions for federal habeas corpus relief from those convictions by April 25, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The running of this one-year statute of limitations on habeas petitions for state convictions which became final before April 24, 1996, was suspended during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending" in any state court.

-4-

28 U.S.C. § 2244(d)(2) (1994 & Supp. 2007); see also Calderon (Beeler), 128 F.3d at 1286-87; Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Accordingly, the statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 25, 1997, unless it was tolled during that time period by the pendency of a properly-filed action for state post-conviction relief. See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).

Petitioner's various actions for state post-conviction relief filed after April 24, 1996, specifically the action filed January 22, 1997, did not toll the applicable statute of limitations because the untimely Rule 32 actions were not "properly filed" applications for state post-conviction relief. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005). Furthermore, even allowing that the 1997 Rule 32 action did toll the statute of limitations, Petitioner still allowed more than one year to pass from the conclusion of this proceeding in 1997, before he filed his next action for state post-conviction relief in 2002. Any state post-conviction action filed after the statute of limitations regarding Petitioner's federal habeas action had expired did not "restart" the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir.

2001).

        The undersigned has previously reasoned that section 2254 habeas applicants are no longer entitled to consideration of the merits of their untimely petitions based on the doctrine that the statute of limitations could be equitably tolled. The Supreme Court recently concluded section 2254 petitioners are not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute. See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[1] But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling); Diaz v. Kelly, ___ F.3d ___, 2008 WL 199846, at *3 (2d Cir. 2008) (holding the conclusion in Bowles does not apply to the AEDPA).

        However, were the Court to conclude the law might provide for the equitable tolling of the statute of limitations, Petitioner is still not entitled to the benefit of this doctrine.

_____

        [1] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent. See Bowles, 127 S. Ct. at 2365-66.

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418, 125 S. Ct. at 1814-15.

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. See Brown v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the petitioner has a strong burden to plead specific facts supporting their claim of extraordinary circumstances); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005). A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).

Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d

153, 159 (3d Cir. 1999).  Petitioner did not act with reasonable diligence throughout the time period he seeks to toll, i.e., 1996 through 2007.  Despite Petitioner's claim that he did not file his habeas petition because he was exhausting his claims in the state courts, Petitioner allowed at least four years to pass after his conviction became final before he filed any state action for post-conviction relief.  Additionally, with regard to the time period he seeks to toll, Petitioner allowed almost five years to pass, from 1997 through 2002, without pursuing any avenue of federal, or state, post-conviction or habeas relief and, therefore, the Court concludes that Petitioner did not act with the requisite reasonable diligence which would warrant equitable tolling of the statute of limitations.  See Pace, 125 S. Ct. at 1814-15; Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a claim to equitable tolling where the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").  Compare Roy v. Lampert, 465 F.3d 964, 969-72 (9th Cir. 2006).

### III  Conclusion

The federal habeas petition was not filed within the one-year period specified by the AEDPA for convictions which became final before passage of the statute.  Because Petitioner's 1997 state action for post-conviction relief was not "properly filed," it did not toll the statute of limitations with regard to Petitioner's federal habeas claims.  Additionally, none of Petitioner's subsequent actions for state post-conviction relief

"restarted" the statute of limitations after it expired.  The undersigned further concludes that, assuming equitable tolling of the statute of limitations were a doctrine available to Petitioner, Petitioner has not met his burden of establishing equitable tolling is warranted.

**IT IS THEREFORE RECOMMENDED** that Mr. Daly's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law

1 | in an order or judgment entered pursuant to the recommendation
2 | of the Magistrate Judge.

3 |    DATED this 13th day of March, 2008.

5 | _____
6 | Mark E. Aspey
  | United States Magistrate Judge

-10-